**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| TRANSVIDEO ELECTRONICS, LTD., | Civil Action No. _____ |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| HULU, LLC, | |
| Defendant. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff TransVideo Electronics, Ltd. ("Plaintiff" or "TVE"), by and through its undersigned counsel, files this Complaint for patent infringement against Defendant Hulu, LLC ("Defendant" or "Hulu") as follows:

**NATURE OF THE ACTION**

1.      This is a patent infringement action to stop Defendant's infringement of Plaintiff's United States Patent No. 5,594,936 entitled "*Global Digital Video News Distribution System*" (hereinafter, the "'936 Patent") and United States Patent No. 5,991,801 entitled "*Global Digital Video News Distribution System*" (hereinafter, the "'801 Patent") (collectively referred to as the "Patents-in-Suit").  Copies of the Patents-in-Suit are attached hereto as **Exhibits A and B** respectively.  Plaintiff is the owner of the Patents-in-Suit.  Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

2.      TVE is a limited liability company organized under the laws of the State of Indiana, and maintains its principal place of business at 4115 Wisconsin Avenue, NW, Suite 208, Washington, District of Columbia, 20016.  Plaintiff is the owner of the Patents-in-Suit and possesses all rights thereto, including the exclusive right to exclude the Defendant from making, using, selling, offering to sell or importing in this district and elsewhere into the United States the patented invention(s) of the Patents-in-Suit, the right to sublicense the Patents-in-Suit, and to sue the Defendant for infringement and recover past damages.

3.      Upon information and belief, Defendant is a corporation duly organized and existing under the laws of the State of Delaware since at least June 11, 2007 and having its principal place of business located at 12312 West Olympic Boulevard, Los Angeles (Los Angeles County), California, 90064.  Upon information and belief, Defendant may be served through its registered agent, The Corporation Trust Company, located at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801.

## JURISDICTION AND VENUE

4.      This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.  This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

5.      The Court has personal jurisdiction over Defendant because: Defendant has minimum contacts within the State of Delaware and in the District of Delaware; Defendant has purposefully availed itself of the privileges of conducting business in the State of Delaware and in the District of Delaware; Defendant has sought protection and benefit from the laws of the

State of Delaware; Defendant regularly conducts business within the State of Delaware and within the District of Delaware, and Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of Delaware and in the District of Delaware.

6.      More specifically, Defendant, directly and/or through its intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of an interactive web page) its products and services in the United States, the State of Delaware, and the District of Delaware.  Upon information and belief, Defendant and/or its customers have committed patent infringement in the State of Delaware and in the District of Delaware, and/or has intentionally induced others to commit patent infringement in the State of Delaware and in the District of Delaware.  Defendant solicits customers in the State of Delaware and in the District of Delaware. Defendant has many paying customers who are residents of the State of Delaware and the District of Delaware and who use Defendant's products and services in the State of Delaware and in the District of Delaware.

7.      Venue is proper in the District of Delaware pursuant to 28 U.S.C. §§ 1391 and 1400(b).


## BACKGROUND

8.      The '936 Patent was duly and legally issued to Mr. Mohammed S. Rebec and Mr. Mihailo V. Rebec by the United States Patent and Trademark Office on January 14, 1997 after full and fair examination.  Messrs. Rebec assigned all rights, title and interest in and to the '936 Patent to TVE, giving TVE the right to enforce the '936 Patent, to exclude Defendant from making, using, selling, offering to sell or importing in this district and elsewhere in the United

States the patented invention(s) of the '936 Patent, and the right to sue Defendant for infringement and recover past damages.

9.    The '801 Patent was duly and legally issued to Mr. Mohammed S. Rebec and Mr. Mihailo V. Rebec by the United States Patent and Trademark Office on November 23, 1999 after full and fair examination. Messrs. Rebec assigned all rights, title and interest in and to the '801 Patent to TVE, giving TVE the right to enforce the '801 Patent, to exclude Defendant from making, using, selling, offering to sell or importing in this district and elsewhere in the United States the patented invention(s) of the '801 Patent, and the right to sue Defendant for infringement and recover past damages. After an *ex parte* Reexamination request made March 3, 2010, a Reexamination Certificate was issued on April 5, 2011 in which claims 20-23 were cancelled but the remaining claims were either confirmed or not reexamined.

10.    Upon information and belief, Defendant had actual knowledge of the specifications and issued claims of the Patents-in-Suit when it received a notice letter from former counsel for TVE dated July 1, 2011. Attached as **Exhibit C** is said notice letter.

11.    Upon information and belief, Defendant had actual knowledge of the specifications and issued claims of the Patents-in-Suit at the very latest on July 26, 2011 when it responded to the July 1, 2011 notice letter. Attached as **Exhibit D** is said response letter.

12.    On information and belief, Defendant owns, operates, advertises, implements, and controls its website, www.hulu.com.

13.    On information and belief, Defendant offers its customers products and services (hereinafter, the "Accused Products and Services") that infringe the Patents-in-Suit, including but not limited to: a Content Delivery Network ("CDN") for distributing information using a network that provides free on-demand video and paid subscription on-demand video (through

Defendant's "HuluPlus" service) that are provided to and accessed by Defendant's customers through Defendant's website.

## COUNT I:
## INFRINGEMENT OF U.S. PATENT NO. 5,594,936

14.     Plaintiff re-alleges and incorporates by reference each of Paragraph 1-13 above.

15.     Plaintiff is informed and believes that Defendant infringes the '936 Patent either literally or under the doctrine of equivalents.   Upon information and belief, Defendant has infringed and continues to infringe one or more claims of the '936 Patent by making, using, and providing a method for distributing information to various locations in a digital network; said method comprising receiving and outputting synchronous signals and establishing communications through its Accused Products and Services, in this district and elsewhere in the United States through its website.   Upon information and belief, Defendant's CDN consists of an information distribution system for a network, consisting of master communications means, distribution amplifiers, communications unit groups, and a master controller means which provides to Defendant's customers video on demand that may be accessed through various means, including televisions, gaming consoles, desktop computers, laptop computers, tablet computers and cellular telephones.

16.     Upon information and belief, Defendant has intentionally induced and continues to induce infringement of one or more claims of the '936 Patent in this district and elsewhere in the United States, by its intentional acts which have successfully, among other things, encouraged, instructed, enabled and otherwise caused its customers to use the Accused Products and Services having been provided by Defendant to its customers for the primary purpose of causing infringing acts by said customers.   Defendant has had knowledge of the '936 Patent

since at least July 26, 2011 and as early as the date Defendant received the July 1, 2011 notice letter, and, upon information and belief, continues to encourage, instruct, enable and otherwise cause its customers to use the Accused Products and Services in a manner which infringes the '936 Patent.  Upon information and belief, Defendant has specifically intended that its customers use the Accused Products and Services in such a way that infringes the '936 Patent by, at a minimum, providing instructions to its customers on how to use the Accused Products and Services in such a way that infringes the '936 Patent.  *See* **Exhibit E**.  Defendant knew that its actions, including but not limited to providing such instructions, would induce, have induced, and will continue to induce infringement by its customers because Defendant has had actual knowledge of the '936 Patent for more than two years.  Even where performance of the steps required to infringe the '936 Patent is divided such that Defendant and Defendant's customer each perform some but not all of the steps necessary to infringe the '936 Patent, Defendant's actions have intentionally caused all of the steps to be performed.

17.    Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

18.    Despite its knowledge of the '936 Patent since at least July 26, 2011 and as early as the date Defendant received the July 1, 2011 notice letter, and without a reasonable basis for continuing its infringing activities, on information and belief, Defendant continues to willfully infringe the '936 Patent.

19.    Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

20.    Defendant's infringement of Plaintiff's rights under the '936 Patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

<u>**COUNT II:**</u>
<u>**INFRINGEMENT OF U.S. PATENT NO. 5,991,801**</u>

21.    Plaintiff re-alleges and incorporates by reference each of Paragraph 1-13 above.

22.    Plaintiff is informed and believes that Defendant infringes the '801 Patent either literally or under the doctrine of equivalents.  Upon information and belief, Defendant has infringed and continues to infringe one or more claims of the '801 Patent by making, using, and providing its Accused Products and Services, consisting of digital storing units, communications unit groups, and a menu storing unit, in this district and elsewhere in the United States through its website.  Upon information and belief, Defendant's CDN consists of an information distribution system for a network, consisting of digital storage and communications units which provide to Defendant's customers video on demand that may be accessed through various menu-enabled devices, including televisions, gaming consoles, desktop computers, laptop computers, tablet computers and cellular telephones.

23.    Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

24.    Despite its knowledge of the '801 Patent since at least July 26, 2011 and as early as the date Defendant received the July 1, 2011 notice letter, and without a reasonable basis for continuing its infringing activities, on information and belief, Defendant continues to willfully infringe the '801 Patent.

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

25.     Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

26.     Defendant's infringement of Plaintiff's rights under the '801 Patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

27.     Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the following relief:

A.     An adjudication that one or more claims of the Patents-in-Suit have been infringed, either literally and/or under the doctrine of equivalents, by the Defendant;

B.     An adjudication that one or more claims of the Patents-in-Suit have been infringed by customers of the Defendant, said customers having been induced to infringe by the intentional actions of the Defendant;

C.     An award of damages to be paid by Defendant adequate to compensate Plaintiff for its past infringement and any continuing or future infringement up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate

Plaintiff for Defendant's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

D.    A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant from further acts of (1) infringement and (2) actively inducing infringement with respect to the claims of the Patents-in-Suit;

E.    That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with U.S.C. § 285; and,

F.    Any further relief that this Court deems just and proper.

\

\

Respectfully submitted this 7th day of August, 2013.

*Attorneys for Plaintiff*
*TransVideo Electronics, Ltd.*

    *s/ Stamatios Stamoulis*

**STAMOULIS & WEINBLATT LLC**    Stamatios Stamoulis #4606
    stamoulis@swdelaw.com
    Richard C. Weinblatt #5080
    weinblatt@swdelaw.com
    Two Fox Point Centre
    6 Denny Road, Suite 307
    Wilmington, DE 19809
    Telephone: (302) 999-1540

**HENINGER GARRISON DAVIS, LLC**    Jacqueline K. Burt, *Pro Hac Vice* Anticipated
    Email: jburt@hgdlawfirm.com
    James F. McDonough, III, *Pro Hac Vice* Anticipated
    Email: jmcdonough@hgdlawfirm.com
    Jonathan R. Miller, *Pro Hac Vice* Anticipated
    Email: jmiller@hgdlawfirm.com
    Dara T. Jeffries, *Pro Hac Vice* Anticipated
    Email: djeffries@hgdlawfirm.com
    3621 Vinings Slope, Suite 4320
    Atlanta, Georgia  30339
    Telephone:  (404) 996-0861, 0869, 0863, 0867
    Facsimile:  (205) 547-5502, 5504, 5506, 5515

    Timothy C. Davis, *Pro Hac Vice* Anticipated
    Email: tim@hgdlawfirm.com
    2224 1st Avenue North
    Birmingham, Alabama 35203
    Telephone:  (205) 326-3336
    Facsimile:  (205) 326-3332

    Joseph C. Gabaeff, *Pro Hac Vice* Anticipated
    Email: jgabaeff@hgdlawfirm.com
    Steven W. Ritcheson, *Pro Hac Vice* Anticipated
    Email: switcheson@hgdlawfirm.com
    9800 D Topanga Canyon Boulevard, #347
    Chatsworth, CA 91311
    Telephone:  (205) 326-3336
    Facsimile:  (205) 326-3332